UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LYCOS, INC.

    Plaintiff,

v.

INTERNET VENTURE WORKS, INC.,

    Defendant.

02 CV 11383 RWZ

Civil Action No. 02 -

### DEFENDANT'S NOTICE OF REMOVAL

The defendant, Internet Venture Works, Inc., ("IVW"), hereby gives notice of the removal of the entire above-captioned case from the Superior Court for Middlesex County, Commonwealth of Massachusetts, pursuant to 28 U.S.C. § 1446. In support hereof, IVW alleges the following:

    1.    IVW is the sole defendant in a civil action filed in the Middlesex Superior Court for the Commonwealth of Massachusetts, entitled *Lycos, Inc. v. Internet Venture Works, Inc.*, Civil Action No. 02-2437.

    2.    Upon information and belief, the initial complaint against IVW was filed in the Middlesex Superior Court on June 11, 2002 (the "Complaint").

    3.    The Complaint was first received by IVW through its outside counsel when, on June 12, 2002, such counsel received a copy of the Complaint from plaintiff's counsel via overnight mail. The Complaint was not served on IVW until June 17th, 2002, when it was served via service upon the Secretary of State of the State of Delaware. A copy of the Complaint, the Civil Action Cover Sheet, and the summons




served on IVW is attached hereto as Exhibit A. A copy of plaintiff's motion for appointment of special process server, which the Superior Court allowed, is attached hereto as Exhibit B.

4. On July 3, 2002, prior to the time IVW's Answer to the Complaint was due to be filed, the plaintiff in this action, Lycos, Inc. ("Lycos"), mailed to outside counsel for IVW a First Amended Complaint and Jury Demand (the "Amended Complaint"). A copy of the Amended Complaint is attached hereto as Exhibit C. As of the date of filing of this Notice, IVW has not yet been served with the Amended Complaint.

5. No other action has taken place in this matter.

6. In both the Complaint and the Amended Complaint, plaintiff Lycos alleges that IVW fraudulently induced Lycos to enter into a contract with IVW, and that IVW subsequently breached that contract. As a result of these alleged actions on the part of IVW, (which IVW denies) Lycos claims it has suffered damages in excess of $5 million.

7. This action is one over which this Court would have original jurisdiction pursuant to 28 U.S.C. § 1332, in that:

    a. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs; and

    b. There is complete diversity of citizenship, as follows: Plaintiff Lycos is a Virginia corporation with its principal place of business in Waltham, Massachusetts (Complaint, ¶ 1). IVW is a dissolved Delaware corporation, which was completely liquidated in February 2002. Prior to liquidation, IVW's principal place of business was (and for purposes of determining diversity of citizenship, continues to be) in Pittsburgh, Pennsylvania -- a fact initially acknowledged by the plaintiff. (See Complaint, ¶ 2).

Although plaintiff has now amended its complaint to allege that IVW's "last known principal place of business" was in Waltham, Massachusetts (Amended Complaint, ¶ 2), that allegation is incorrect. While IVW has in the past maintained an office in Waltham, Massachusetts, that office was never the company's principal place of business and, in any event, closed in early 2001. Thereafter, IVW continued to maintain offices in Pittsburgh, which remained its principal place of business until the company's dissolution and liquidation in 2002.

8. IVW is entitled to remove this action to this Court pursuant to 28 U.S.C. § 1441, because (i) IVW is removing this action to the United States District Court for the district that embraces the place where the action is pending, i.e., Massachusetts; (ii) this Court has original jurisdiction of this action under 28 U.S.C. § 1332; and (iii) the sole defendant is not a citizen of Massachusetts.

9. No other defendants have been named or joined in this action.

WHEREFORE, the defendant, IVW, hereby notifies the plaintiff, Lycos, Inc., that the above-captioned action now pending in the Superior Court for Middlesex County, Commonwealth of Massachusetts, is removed therefrom to this Court.

Dated: July 9, 2002.

INTERNET VENTURE WORKS, INC.,
By its Attorneys,

Edward F. Haber, BBO # 215620
Christine E. Morin, BBO # 600237
Shapiro Haber & Urmy LLP
75 State Street
Boston, MA 02109
(617) 439-3939

David S. Copeland
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598
(212) 836-8000

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand-fax- on July 9, 2002.